IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN PRAVATO,

    Plaintiff,

v.                                                                                                                                               CIV 17-0600 LF/KBM

ABQ HOME SHOWS, LLC, and
WILLIAM LESCURE,

    Defendants.

# **ORDER TO SHOW CAUSE**

On May 31, 2017, Plaintiff John Pravato filed a Complaint in federal court against Defendants ABQ Home Shows, LLC ("AHS"), and William Lescure. *See* Verified Complaint for Breach of Contract and Jury Demand, *Doc. 1*. While the Complaint does not explicitly so state, Plaintiff invokes "Diversity" as the basis for this Court's jurisdiction on his Civil Cover Sheet, *Doc. 1-5* at 1, and alleges the following facts in support of that designation in the body of the Complaint:

1. Plaintiff Pravato is a Michigan resident who resides in Brutus, Michigan.
2. Upon information and belief, Defendant AHS is a New Mexico corporation whose principal place of business is located in Albuquerque, New Mexico.
3. Upon information and belief, the registered agent for Defendant AHS is Express Legal Solutions, LLC, which is located at 6707 Academy Road NE, Suite E, Albuquerque, NM 87109.
4. Upon information and belief, Defendant William Lescure is a resident of Bernalillo County, State of New Mexico.
5. Jurisdiction and venue are proper in this Court as the amount in controversy herein exceeds the sum of Seventy-Five Thousand Dollars ($75,000) and the parties reside in different states (New Mexico and Michigan).

*Doc. 1* at 1. Defendants have not entered an appearance in this case or filed answers contesting this Court's jurisdiction or Plaintiff's Complaint. Federal courts, however, "have an independent obligation to determine whether subject-matter jurisdiction exists,

even in the absence of a challenge from any party." *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)). For the following reasons, the allegations in the complaint fail to establish that the Court may properly exercise subject-matter jurisdiction over this case.

Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and the dispute is between citizens of different states. 28 U.S.C. § 1332(a). It is well-established that complete diversity between opposing parties is a prerequisite to a court exercising diversity jurisdiction over a lawsuit; "28 U.S.C. § 1332(a) . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the case of an unincorporated entity, as here,[1] citizenship is determined by the citizenship of the entity's members. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905-06 (10th Cir. 2015). Thus, in a diversity case, a limited liability company has the citizenship of each of its members. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

Plaintiff's Complaint is devoid of any allegations establishing his own *citizenship*, that of AHS's members, or that of Defendant Lescure. *Doc. 1*. Instead, Plaintiff's Complaint makes reference only to his and Defendant Lescure's places of *residence*, and improperly asserts that Defendant AHS is a corporation subject to jurisdiction on the basis of its place of incorporation and principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). These allegations are not sufficient to allow the Court to

---

[1] While Plaintiff's Complaint alleges that Defendant AHS is a Corporation, it is actually a Limited Liability Company. *See* <https://portal.sos.state.nm.us/BFS/online/CorporationBusinessSearch/CorporationBusinessInformation?businessId=381467>. "[O]nly those entities that are corporations, in the traditional understanding of that word, will be treated as a person for purposes of diversity jurisdiction." *Mgmt. Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321, 1324 (10th Cir. 2016).

2

determine the citizenship of any of the parties. Accordingly, the allegations of the Complaint fail to properly invoke diversity jurisdiction in this Court.

IT IS THEREFORE ORDERED that, within fourteen (14) days from the entry of this Order, Plaintiff file a response showing cause why his Complaint should not be dismissed without prejudice. Failure to respond will result in dismissal of this action without further notice.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE